1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  ROBERT DODSON,
                                NO. CIV. S-13-0399 LKK/DAD
11          Plaintiff,

12      v.
                                     O R D E R
13  THE MUNIRS COMPANY dba
    IHOP #6941,
14
            Defendant.
15  _____/

16      Plaintiff Robert Dodson sues defendant The Munirs Company

17  d/b/a  IHOP  #694[1]  alleging  violations  of  the  Americans  with

18  Disabilities Act and related California statutes. Plaintiff now

19  moves to strike certain affirmative defenses raised in defendant's

20  answer. This matter was originally set for hearing on June 17,

21  2013, but has been decided based on the papers submitted.

22  ////

23  _____

24      [1] An additional named defendant, Anthony G. Poligono, Trustee
    of the Anthony G. Poligono Revocable Trust of 2004, has also filed
25  an answer (ECF No. 13), which is not the subject of the instant
    motion to strike. Accordingly, the term "defendant," as used in
26  this order, refers solely to The Munirs Company  d/b/a IHOP #694.

                                    1

## I. BACKGROUND

Plaintiff, who is quadriplegic and uses an electric wheelchair, alleges that he encountered barriers that interfered with his ability "to use and enjoy the goods, services, privileges, and accommodations offered at" an IHOP restaurant in Sacramento, California. (Complaint ¶¶ 1, 8, 10.) Defendant owns, leases and/or operates this Burger King. (Id. ¶ 7.)

Plaintiff asserts five causes of action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA"): (1) denial of "full and equal" enjoyment and use of the facility, 42 U.S.C. § 12182(a); (2) failure to remove architectural barriers in an existing facility, 42 U.S.C. § 12182(b)(2)(A)(iv); (3) failure to design and construct an accessible facility, 42 U.S.C. § 12183(a)(1); (4) failure to make an altered facility accessible, 42 U.S.C. § 12183(a)(2); and (5) failure to modify existing policies and procedures, 42 U.S.C. § 12182(b)(2)(A)(ii).

Plaintiff also asserts derivative state law claims under the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, and relevant provisions of the California Health Safety Code.

On March 21, 2013, defendant answered, denying many of plaintiff's factual allegations and raising twelve affirmative defenses: (1) failure to state a claim; (2) privilege due to construction, renovation and/or remodeling; (3) good faith reliance upon interpretations of California law; (4) good faith reliance upon architects; (5) alterations not readily achievable;

2

1 (6) further action would fundamentally alter subject facility;

2 (7) statute of limitations; (8) alternative methods of access;

3 (9) disproportionate cost; (10) unclean hands; (11) plaintiff's

4 claim under Cal. Health & Safety Code § 19959 barred; and

5 (12) defendant does not exercise control over the subject property.

6 (ECF No. 5.)

7     On April 11, 2013, plaintiff moved to strike all of

8 defendant's affirmative defenses. (ECF No. 9.)

9 **II. STANDARD RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES**

10     **A. Should affirmative defenses be subject to a heightened**

11       **pleading standard?**

12     Plaintiff herein urges the court to apply the heightened

13 "plausibility" pleading standards, as articulated in Bell Atlantic

14 Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556

15 U.S. 662 (2009), to its evaluation of defendant's affirmative

16 defenses. Whether affirmative defenses are subject to Twombly and

17 Iqbal is an issue that is unsettled nationally. See 5 Charles Alan

18 Wright & Arthur Miller, Federal Practice and Procedure: Civil

19 § 1274 (3d ed. 2013) (hereinafter, "Wright & Miller) ("[C]ourts are

20 in disagreement as to whether the pleading standard articulated in

21 [Twombly] and [Iqbal] extends to the pleading of affirmative

22 defenses").

23     District courts have historically applied the "fair notice"

24 standard in evaluating affirmative defenses. "The key to

25 determining the sufficiency of pleading an affirmative defense is

26 whether it gives the plaintiff fair notice of the defense." Wyshak

1  v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979) (citing

2  Conley v. Gibson, 355 U.S. 41 (1957)). Fair notice generally

3  requires that the defendant identify the nature and grounds for the

4  affirmative defense, rather than plead a detailed statement of the

5  facts upon which the defense is based. Kohler v. Islands Rests.,

6  LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing Conley, 355 U.S.

7  at 47). The pleading of affirmative defenses is generally governed

8  by Federal Rule of Civil Procedure 8;[2] traditionally, the only

9  defenses that were not subject to the fair notice standard were

10 those "that f[e]ll within the special pleading provisions in Rule

11 9, especially Rule 9(b), which deals with fraud, mistake, and

12 condition of the mind, or the terms of a federal statute." Wright

13 & Miller § 1274.

14      The Ninth Circuit has not explicitly addressed the issue,

15 though at least one of the appeals court's published post-Iqbal

16 opinions quotes Wyshak, 607 F.2d at 827, for the proposition that

17 "[t]he key to determining the sufficiency of pleading an

18 affirmative defense is whether it gives plaintiff fair notice of

19 the defense." Simmons v. Navajo Cnty., 609 F.3d 1011, 1023 (9th

20 Cir. 2010) (remanding for determination, on summary judgment, of

21 whether plaintiffs satisfied Arizona's legal standard for notices

22 of claim to a public entity). Simmons stands for the proposition

23 that courts may properly enter judgment for defendants on an

24 affirmative defense, even if it was not pled in the answer, so long

25

26      [2] Hereinafter, the term "Rule" refers to the applicable
Federal Rule of Civil Procedure.

1  as the record demonstrates that plaintiffs were on notice as to the

2  defense during the action and did not suffer prejudice from its

3  omission. Simmons's holding is therefore readily reconciled with

4  Iqbal and Twombly. The latter two cases address the sufficiency of

5  pleading necessary "to raise a reasonable expectation that

6  discovery will reveal evidence" supporting the allegations as pled.

7  Twombly, 550 U.S. at 556. By contrast, Simmons concerns the

8  circumstances under which a defendant can be held to be on notice

9  as to an unpled affirmative defense. Therefore, Simmons does not

10  address the application of Twombly and Iqbal to affirmative

11  defenses. See also Perez v. Gordon & Wong Law Group, P.C.,

12  No. 11-CV-03323-LHK, 2012 WL 1029425, 2012 U.S. Dist. LEXIS 41080

13  (N.D. Cal. Mar. 26, 2012) (Koh, J.) ("[The Simmons] panel did not

14  have the issue of Rule 8 pleading standards squarely before it, and

15  its citation of Wyshak appeared in a discussion focused on when,

16  not how, to plead an affirmative defense. Moreover, the panel's

17  mere recitation of Wyshak's fair notice standard provides no

18  guidance for the question presented here, which is how to construe

19  what constitutes 'fair notice' to plaintiff post-Iqbal").

20      District courts within the Ninth Circuit are divided as to

21  whether Twombly and Iqbal apply to affirmative defenses. Opinions

22  requiring that affirmative defenses be pled according to the

23  heightened standard include Anticancer Inc. v. Xenogen Corp., 248

24  F.R.D. 278 (S.D. Cal. 2007) (Brewster, J.) ("The Court finds that,

25  in this patent infringement action, parties must allege a plausible

26  entitlement to relief in all pleadings, including . . . separate

1   affirmative defenses"); <u>CTF Dev. Inc. v. Penta Hospitality, LLC</u>,

2   No. C 09-02429, 2009 WL 3517617, 2009 U.S. Dist. LEXIS 99538 (N.D.

3   Cal. Oct. 26, 2009) (Alsup, J.) ("Under the <u>Iqbal</u> standard, the

4   burden is on the defendant to proffer sufficient facts and law to

5   support an affirmative defense"); <u>Barnes v. AT&T Pension Benefit</u>

6   <u>Plan-Nonbargained Program</u>, 718 F. Supp. 2d 1167, 1172 (N.D.

7   Cal. 2010) (Patel, J.) ("The court can see no reason why the same

8   principles applied to pleading claims [in <u>Twombly</u> and <u>Iqbal</u>] should

9   not apply to the pleading of affirmative defenses which are also

10  governed by Rule 8"); <u>Barnes & Noble, Inc. v. LSI Corp.</u>, 849 F.

11  Supp. 2d 925 (N.D. Cal. Feb. 2, 2012) (Chen, J.) ("<u>Twombly</u>'s

12  rationale of giving fair notice to the opposing party would seem

13  to apply as well to affirmative defenses given the purpose of Rule

14  8(b)'s requirements for defenses"); <u>Dion v. Fulton Friedman &</u>

15  <u>Gullace LLP</u>, No. 11-2727 SC, 2012 WL 160221, 2012 U.S. Dist. LEXIS

16  5116 (N.D. Cal. Jan. 17, 2012) (Conti, J.) ("Just as a plaintiff's

17  complaint must allege enough supporting facts to nudge a legal

18  claim across the line separating plausibility from mere

19  possibility . . . a defendant's pleading of affirmative defenses

20  must put a plaintiff on notice of the underlying factual bases of

21  the defense"); <u>Powertech Tech., Inc. v. Tessera, Inc.</u>, No. C 10-945

22  CW, 2012 WL 1746848, 2012 U.S. Dist. LEXIS 68711 (N.D. Cal. May 16,

23  2012) (Wilken, J.) ("<u>Twombly</u> and <u>Iqbal</u> changed the legal foundation

24  underlying the Ninth Circuit's <u>Wyshak</u> decision, and the reasoning

25  in those decisions also applies in the context of affirmative

26  defenses").

1    That said, a number of Ninth Circuit district courts have held
2    otherwise, many in the context of ADA cases. See Kohler v. Big 5
3    Corp., No. 2:12-cv-00500-JHN-SPx, 2012 WL 1511748, 2012 U.S. Dist.
4    LEXIS 62264 (C.D. Cal. Apr. 30, 2012) (Nguyen, J.) ("Given the
5    dearth of binding authority on this issue, the Court declines to
6    extend the Twombly/Iqbal pleading standards to affirmative defenses
7    in this case"); Figueroa v. Islands Restaurants, L.P., No. CV
8    12-00766-RGK, 2012 WL 2373249, 2012 U.S. Dist. LEXIS 89422 (C.D.
9    Cal. Jun. 22, 2012) (Klausner, J.) ("Affirmative defenses need only
10   give plaintiff fair notice of the defense to be sufficiently
11   pled"); Vogel v. Linden Optometry APC, No. CV 13-00295 GAF, 2013
12   WL 1831686, 2013 U.S. Dist. LEXIS 64463 (C.D. Cal. Apr. 30, 2013)
13   (Feess, J.) ("[T]he well established [fair notice] standard
14   descrobed [sic] in Wyshak continues to apply"); Kohler v. Staples
15   the Office Superstore, LLC, __ F.R.D. __, 2013 WL 544058, 2013 U.S.
16   Dist. LEXIS 18995 (S.D. Cal. 2013) (Whelan, J.) ("Absent further
17   direction, this Court declines to extend the Twombly/Iqbal pleading
18   standards to affirmative defenses").

19   Of the judges to consider the issue within this judicial
20   district, at least one has chosen to apply the Twombly/Iqbal
21   standard to affirmative defenses. See Wine Group, LLC v. L. & R.
22   Wine Co., No. 10-CV-02204 MCE-KJN, 2011 WL 130236, 2011 U.S. Dist.
23   LEXIS 5765 (E.D. Cal. Jan. 14, 2011) (England, J.) ("Because the
24   heightened pleading standard now applies, an affirmative defense
25   must be plausible on its face"). Three others have explicitly
26   declined to address the issue. See J & J Sports Prods., Inc. v.

7

1  <u>Gidha</u>, No. 10-CV-02509-KJM-KJN, 2012 WL 537494, 2012 U.S. Dist.

2  LEXIS 20427 (E.D. Cal. Feb. 17, 2012) (Mueller, J.) ("This court

3  also declines to reach the issue of whether the heightened pleading

4  standard applies to defendants' answer because, as set forth below,

5  the challenged affirmative defenses do not meet the lower pleading

6  standard  set  forth  in  <u>Wyshak</u>");  <u>Botell  v.  U.S.</u>,

7  No. 11-cv-01545-GEB-GGH, 2012 WL 1027270, 2012 U.S. Dist. LEXIS

8  41172 (E.D. Cal. Mar. 26, 2012) (Burrell, J.) ("[T]he parties'

9  dispute concerning the applicable standard need not be resolved

10 since even if the lesser pleading standard applies, the motion will

11 be granted in part and denied in part for the reasons stated

12 below");  <u>Joe  Hand  Promotions,  Inc.  v.  Dorsett</u>,

13 No. 12-CV-1715-JAM-EFB, 2013 WL 1339231, 2013 U.S. Dist. LEXIS

14 48464 (Mendez, J.) (E.D. Cal. Apr. 3, 2013) ("The Court declines

15 to reach the issue of whether to apply the heightened pleading

16 standard in ruling on Plaintiff's Motion to Strike Defendants'

17 Affirmative Defenses because it is not necessary to resolve the

18 pending Motion").

19     The question presented is whether <u>Twombly</u> and <u>Iqbal</u> so

20 undermine <u>Wyshak</u> that district courts, otherwise bound, may

21 disregard it and apply the necessary effect of subsequent Supreme

22 Court holdings.[3] Given the diversity of views on the issue and the

23 _____

24     [3] Some courts have treated the question as whether the "fair
notice" required by <u>Wyshak</u> has been redefined. <u>See</u>, <u>e.g.</u>, <u>Perez</u>,
25 2012 WL 1029425 at *7, 2012 U.S. Dist. LEXIS 41080 at *21 ("Thus,
in light of <u>Twombly</u> and <u>Iqbal</u>'s reconceptualization of fair notice
26 pleading, the Court agrees that '[a]pplying the standard for
heightened pleading to affirmative defenses serves a valid purpose

1    absence of any binding authority, the court finds that it must make

2    its own determination on the question.

3        The court begins by noting that, in its view, neither <u>Twombly</u>

4    nor <u>Iqbal</u> appears to adhere to the plain language of the Federal

5    Rules of Civil Procedure.[4] But as the court is bound to follow

6    Supreme Court precedent, the issue, then, is whether the reasoning

7    _____

8    in requiring at least some valid factual basis for pleading an
     affirmative defense and not adding it to the case simply upon some
9    conjecture that it may somehow apply.'[citation]"). However
     addressed, the issue is whether <u>Wyshak</u>'s previous explication of
10   fair notice  still binds district courts in the Ninth Circuit.

11       [4] To state the obvious, most post-<u>Twombly</u>/<u>Iqbal</u> complaints no
     longer feature "a short and plain statement of the claim showing
12   that the pleader is entitled to relief," as directed by Rule
     8(a)(2). As can be seen by reading the majority opinion and Justice
13   Souter's dissent in <u>Iqbal</u>, "plausibility" lies largely in the eye
     of the beholder, and in general, plaintiffs do not know what a
14   judge will find plausible. As a result, despite the Supreme Court's
     admonishment that "[h]ere . . . we do not require heightened fact
15   pleading of specifics, but only enough facts to state a claim to
     relief that is plausible on its face," <u>Twombly</u>, 550 U.S. at 569,
16   plaintiffs drafting complaints now routinely set out virtually
     every pre-discovery fact in their possession in the hopes that they
17   might survive the inevitable motion to dismiss. This is a rational
     course of action, given that, according to the Federal Judicial
18   Center, motions to dismiss have become twice as common in the wake
     of <u>Iqbal</u>, and defendants prevail on these motions much more often
19   than they did previously. <u>See</u> Lonny Hoffman, "Twombly and Iqbal's
     Measure: An Assessment of the Federal Judicial Center's Study of
20   Motions to Dismiss," 6 Fed. Cts. L. Rev. 1, 7 (2012), which notes
     that:
21       After <u>Iqbal</u>, a plaintiff was twice as likely to face a
         motion to dismiss as compared with the period before
22       <u>Twombly</u>, a marked increase in the rate of Rule 12(b)(6)
         motion activity from the steady filing rate observed
23       over the last several decades. As for dismissal orders,
         the FJC found that in every case category that was
24       examined there were more orders granting dismissal after
         <u>Iqbal</u> than there were before <u>Twombly</u>, both with and
25       without prejudice. Most importantly, in every case
         category examined it was more likely that a motion to
26       dismiss would be granted.

1  of _Twombly_ and _Iqbal_ extends to the pleading of affirmative

2  defenses.

3      As set forth in _Iqbal_:

4      Under Federal Rule of Civil Procedure 8(a)(2), a
   pleading must contain a "short and plain statement of
5  the claim showing that the pleader is entitled to
   relief." As the Court held in _Twombly_, the pleading
6  standard Rule 8 announces does not require "detailed
   factual allegations," but it demands more than an
7  unadorned, the-defendant-unlawfully-harmed-me
   accusation. A pleading that offers "labels and
8  conclusions" or "a formulaic recitation of the elements
   of a cause of action will not do." Nor does a complaint
9  suffice if it tenders "naked assertion[s]" devoid of
   "further factual enhancement." To survive a motion to
10 dismiss, a complaint must contain sufficient factual
   matter, accepted as true, to "state a claim to relief
11 that is plausible on its face."

12 _Iqbal_, 557 U.S. at 677-8 (internal citations omitted). Here, the

13 Supreme Court relies on Rule 8(a)(2). Rule 8(b)(1)(A), which

14 provides, "In responding to a pleading, a party must state in short

15 and plain terms its defenses to each claim asserted against it,"

16 is similarly worded. Some courts have drawn a distinction between

17 Rule 8(a)'s requirement that the statement of the claim "show[]

18 that the pleader is entitled to relief," and the absence of an

19 equivalent phrase in Rules 8(b)(1) and 8(c). _See_, _e.g._, _Kohler v._

20 _Staples the Office Superstore, LLC_, __ F.R.D. __ at n.6, 2013 WL

21 544058, 2013 U.S. Dist. LEXIS 18995 (S.D. Cal. 2012). This reading

22 appears unduly restrictive. As this court has previously noted,

23 "Affirmative defenses plead matters extraneous to the plaintiff's

24 prima facie case, which deny plaintiff's right to recover, even if

25 the allegations of the complaint are true." _Fed. Deposit Ins. Corp._

26 _v. Main Hurdman_, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (Karlton,

1   J.) (citing <u>Gomez v. Toledo</u>, 446 U.S. 635, 640–41 (1980)). In light

2   of <u>Iqbal</u>, in order to adequately "state . . . its defenses to each

3   claim asserted against it" under Rule 8(b)(1), a party must allege

4   "sufficient factual matter, accepted as true," 556 U.S. at 678, to

5   demonstrate that plaintiff lacks a right of recovery. To hold

6   otherwise would permit defendants to merely plead "labels and

7   conclusions" or "a formulaic recitation of the elements of" an

8   affirmative defense, <u>Twombly</u>, 550 U.S. at 555, and in so doing,

9   undermine the rationale of <u>Twombly</u> and <u>Iqbal</u>. Accordingly, to the

10   extent that the heightened pleading standard announced by these

11   cases is based on the wording of Rule 8, a sufficient textual basis

12   lies in Rule 8(b)(1) for extending their holdings to the pleading

13   of affirmative defenses.

14       The principal policy consideration underlying the "plausible

15   on its face" pleading standard appears to be a desire to avoid

16   imposing the burdens of discovery on defendants unnecessarily. This

17   desire is evidenced by statements such as, "Rule 8 marks a notable

18   and generous departure from the hyper-technical, code-pleading

19   regime of a prior era, but it does not unlock the doors of

20   discovery for a plaintiff armed with nothing more than

21   conclusions," <u>id.</u> at 678-9, and, "[I]t is only by taking care to

22   require allegations that reach the level suggesting conspiracy that

23   we hope to avoid the potentially enormous expense of discovery in

24   cases with 'no reasonably founded hope that the [discovery] process

25   will reveal relevant evidence' . . . ." <u>Twombly</u>, 550 U.S. at 556,

26

1  559 (internal citation omitted).[5]

2      As many courts have recognized, this policy consideration -

3  refraining from unnecessarily imposing the costs and burdens of

4  discovery - weighs equally in favor of requiring defendants to

5  plead only plausible affirmative defenses. See, e.g., Barnes, 718

6  F. Supp. 2d at 1172 ("Applying the [Twombly/Iqbal] standard will

7  also serve to weed out the boilerplate listing of affirmative

8  defenses which is commonplace in most defendants' pleadings where

9  many of the defenses alleged are irrelevant to the claims

10  asserted"). If a defendant cannot articulate the reasons that

11  affirmative defenses apply to a dispute, it is costly, wasteful,

12  and unnecessary to force plaintiffs to conduct discovery into those

13  defenses. Moreover, as Judge Koh has pointed out, just as

14  plaintiffs bear the burden of proof on their claims, defendants

15  bear the burden of proof on their affirmative defenses. Perez, 2012

16  WL 1029425 at *7, 2012 U.S. Dist. LEXIS 41080 at *21. Applying the

17  plausibility standard to affirmative defenses is therefore

18  "consistent with Iqbal's admonition that fair notice pleading under

19  Rule 8 is not intended to give parties free license to engage in

20  unfounded fishing expeditions on matters for which they bear the

21  burden of proof at trial." Id., 2012 WL 1029425 at *8, 2012 U.S.

22  _____

23      [5] The Supreme Court also expressed concern about the burdens
   of unfounded litigation on the courts, writing, e.g., "[W]hen the
24  allegations in a complaint . . . could not raise a claim of
   entitlement to relief, this basic deficiency should be exposed at
25  the point of minimum expenditure of time and money by the parties
   and the court." Twombly, 550 U.S. at 558 (internal quotation and
26  citation omitted).

1  Dist. LEXIS 41080 at *26.

2      The principal rationale advanced by those courts which have

3  declined to extend the _Iqbal_/_Twombly_ pleading standard to

4  affirmative defenses is that, under Rule 12(a)(1), defendants

5  generally have only twenty-one days to serve an answer. As one of

6  these courts has noted:

7          [P]ractical and judicial economy considerations further
           support application of the traditional pleading standard
8          for affirmative defenses. From a practical point of
           view, a plaintiff may investigate a potential claim for
9          weeks, months, or even years before filing a complaint.
           To expect a defendant to investigate and to adequately
10         prepare an answer containing all relevant affirmative
           defenses within 21 days of service of the
11         complaint . . . would seem to be unrealistic in most
           cases, subject to the nature and complexities of each
12         case. Further, a heightened pleading standard may
           require the court to address multiple motions to amend
13         the answer as discovery reveals additional defenses.

14  _Meas v. CVS Pharmacy, Inc._, No. 11cv0823 JM, 2011 WL 2837432 at *3,

15  2011 U.S. Dist. LEXIS 76276 at *9 (S.D. Cal. Jul. 14, 2011)

16  (Miller, J.).

17      This court is unpersuaded for at least three reasons. First,

18  in many cases, the relevant facts supporting affirmative defenses

19  _are within the defendant's possession_. For example, in disputes

20  concerning disability access, such as the instant matter,

21  defendants ought to be fully aware of and able to allege the nature

22  of any construction that limited accessibility, the building codes

23  upon which they have relied, the reasons why architectural

24  modifications may not be readily achievable, and other facts which

25  support the affirmative defenses alleged in their answer. Including

26  this information in the answer furthers the goals of (i) placing

the plaintiff on notice as to the nature of the affirmative defenses pled, (ii) spurring defendants to omit unsupported and irrelevant defenses, and (iii) ensuring that the parties conduct discovery with a minimum of waste. Second, if a defendant must omit an affirmative defense for lack of the necessary factual support, it may do so secure in the knowledge that the Ninth Circuit has "liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading." Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir. 1984) (citation omitted); see also Simmons, 609 F.3d at 1023 (citing Rivera for this proposition). If discovery reveals evidence supporting additional affirmative defenses, defendants may freely seek leave from the court to amend their answers. As Wright and Miller note, "Given that the defendant may amend the answer to assert an omitted affirmative defense on the written consent of the adverse party or by leave of the district court, imposition of the plausibility standard is not overly burdensome. The defendant may state a plausible defense after facts become available." Wright & Miller § 1274. Finally, given that, as a result of Twombly and Iqbal, defendants commonly file serial motions to dismiss, it seems untoward to worry about the possibility that defendants may now file serial motions to amend.

    To sum, for the reasons set forth above, the court finds that affirmative defenses are subject to the heightened pleading standards announced in Twombly and Iqbal. Therefore, in evaluating the instant motion to strike affirmative defenses under Rule 12(f), the court will apply the following standard.

1    **B. Applicable Standard**

2        Federal Rule of Civil Procedure 12(f) authorizes courts to

3    "strike from a pleading an insufficient defense or any redundant,

4    immaterial, impertinent, or scandalous matter." A motion to strike

5    is properly granted if it will make trial less complicated or else

6    eliminate delay, serious risks of prejudice to the moving party,

7    or confusion of the issues. <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d

8    1524, 1527 (9th Cir. 1993), <u>rev'd on other grounds by</u> 510 U.S. 517

9    (1994).

10       Under Rule 8(b)(1)(A), "In responding to a pleading, a party

11   must state in short and plain terms its defenses to each claim

12   asserted against it." Affirmative defenses "plead matters

13   extraneous to the plaintiff's prima facie case, which deny

14   plaintiff's right to recover, even if the allegations of the

15   complaint are true." <u>Fed. Deposit Ins. Corp. v. Main Hurdman</u>, 655

16   F. Supp. 259, 262 (E.D. Cal. 1987) (citing <u>Gomez v. Toledo</u>, 446

17   U.S. 635, 640–41 (1980)).

18       An affirmative defense may be stricken as insufficient either

19   as a matter of law or as a matter of pleading. <u>Kohler</u>, 280 F.R.D.

20   at 564. Legal insufficiency means that the affirmative defense

21   lacks merit "under any set of facts the defendant might allege."

22   <u>McArdle v. AT&T Mobility LLC</u>, 657 F. Supp. 2d 1140, 1150 (N.D. Cal.

23   2009), <u>rev'd on other grounds by</u> 474 Fed. Appx. 515 (2012).

24   Pleading insufficiency means a failure to provide the plaintiff

25   with fair notice. <u>Kohler</u>, 280 F.R.D. at 565.

26       In pleading an affirmative defense, a party must give "fair

notice of what the [affirmative defense] is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To meet this requirement, each affirmative defense must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This court "must accept as true all of the factual allegations contained in the [answer]." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Iqbal, 556 U.S. at 664.

After identifying the non-conclusory factual allegations, the court determines whether these allegations, taken as true and construed in the light most favorable to the defendant, plausibly establish that plaintiff has no right to recovery. Iqbal, 556 U.S. at 664. "Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the allegations "allow[] the court to draw the reasonable inference that the defendant is [not] liable for the misconduct alleged." Iqbal, 556 U.S. at 663.

If the court determines that an affirmative defense is insufficiently pled, it may strike the defense and require the defendant to file an amended pleading that includes more specific allegations. Leave to amend will be freely granted so long as no prejudice results to the moving party.

**III. ANALYSIS**

Plaintiff urges the court to strike all of defendant's affirmative defenses as insufficiently pled under <u>Twombly</u> and <u>Iqbal</u>. The court will do so, with one exception: given that plaintiff has failed to allege in his complaint the date(s) on which the alleged violations occurred, defendant cannot be expected to articulate the statutes of limitations that may bar plaintiff's claims. Accordingly, the court declines to strike defendant's seventh affirmative defense.

None of the remaining affirmative defenses are pled with sufficient particularity to give the plaintiff fair notice of their grounds. While each defense recites a legal conclusion, the Answer lacks any factual allegations demonstrating that the defenses are plausible on their face. For example, defendant's tenth affirmative defense fails to identify any action by plaintiff giving rise to "unclean hands." Defendant has also failed to allege any facts supporting those affirmative defenses which would excuse the alleged lack of disability access: specifically, its second (privilege due to construction, renovation and/or remodeling), third (good faith reliance upon interpretations of California law), fourth (good faith reliance upon architects), fifth (alterations not readily achievable), sixth (further action would fundamentally alter subject facility), eighth (alternative methods of access), and ninth (disproportionate cost) affirmative defenses. These defenses are also inadequate inasmuch as they fail to provide notice of the specific statute, regulation, or other legal

1  authority on which defendant is relying.

2      Finally, defendant's first (failure to state a claim) and

3  twelfth (lack of control over the subject property) "affirmative

4  defenses" are actually negative defenses. "A defense which

5  demonstrates that plaintiff has not met its burden of proof as to

6  an element plaintiff is required to prove is not an affirmative

7  defense." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088

8  (9th Cir. 2002). As these defenses address elements of plaintiff's

9  prima facie case, they are properly addressed through denial or an

10  appropriate motion.

11      One affirmative defense, the eleventh, remains to be

12  addressed. It provides:

13          Defendant alleges Plaintiff's claim under Health and
            Safety Code sections 19955, et. seq. is barred as
14          Plaintiff alleges on the one hand that defendant is a
            facility "designed or constructed (or both) after
15          January 26, 1992" and on the other hand alleges
            defendant is subject to Health and Safety Code section
16          19959 which applies to facilities "constructed prior to
            July 1, 1970." (Answer 8.)

17

18  Other than urging that it be stricken under Twombly/Iqbal,

19  plaintiff does not address this defense in its moving papers.

20  Defendant's opposition is similarly silent. The court is unsure of

21  whether it is actually a denial or a negative defense, rather than

22  an affirmative defense. Accordingly, this defense will be stricken

23  for failure to give fair notice; if defendant chooses to re-plead

24  this defense in its amended answer, it is encouraged to do so with

25  more clarity.

26  ////

**IV. CONCLUSION**

The court orders as follows:

[1] Plaintiff's motion to strike affirmative defenses (ECF No. 9) is GRANTED without prejudice as to all of defendant's affirmative defenses, except the seventh, as to which the motion is DENIED.

[2] Defendant is DIRECTED to file an amended answer no more than twenty-one (21) days after entry of this order.

IT IS SO ORDERED.

DATED:   June 17, 2013.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

19