1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERT DODSON,
                                    NO. CIV. S-13-0399 LKK/DAD
11            Plaintiff,

12       v.
                                            O R D E R
13   THE MUNIRS COMPANY dba
     IHOP #6941,
14
              Defendant.
15   _____/

16       Plaintiff Robert Dodson sues defendants The Munirs Company

17   d/b/a IHOP # 6941 ("Munirs") and Anthony G. Poligono, Trustee of

18   the Anthony G. Poligono Revocable Trust of 2004, alleging

19   violations of the Americans with Disabilities Act and related

20   California statutes.

21       Presently before the court is plaintiff's motion for summary

22   judgment.[1] (ECF No. 29.) In opposition, defendants request that the

23   court defer or deny the motion pursuant to Federal Rule of Civil

24   _____

25        [1] Plaintiff filed its motion for summary judgment on July 15,
     2013; the motion was initially set for hearing on August 12, 2013,
26   but was continued for administrative reasons by the court to
     September 9, 2013. (ECF No. 32.)

                                    1

Procedure 56(d). (ECF No. 30.)

This matter may be resolved without oral argument. Having considered the parties' submissions, the court will grant defendants' Rule 56(d) motion and deny plaintiff's summary judgment motion, for the reasons set forth below.

**I. STANDARD RE: RULE 56(d) MOTION**

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.[2]

While Rule 56(d) "facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" <u>Metabolife</u>

---

[2] As a result of revisions to Rule 56 under the 2010 Amendments to the Federal Rules of Civil Procedure, an equivalent provision to former subdivision (f) of Rule 56 is now set forth as subdivision (d). While the wording of the subdivision was revised significantly by the Amendments, none of these changes appear to invalidate existing jurisprudence regarding the subdivision. <u>See</u> 10B Charles Alan Wright & Arthur Miller, <u>Federal Practice & Procedure: Civil</u> § 2740 (3d ed. 2013) ("When Rule 56 was rewritten in 2010, the provisions in Rule 56(f) were moved to a new subdivision (d), without any substantial changes"). Accordingly, the court herein treats existing caselaw regarding former Rule 56(f) as equally-applicable to current subdivision 56(d).

1  Intern., Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001) (citing
2  and quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5
3  (1986)); *accord* State of California v. Campbell, 138 F.3d 772, 779
4  (9th Cir. 1998) ("[A] district court should continue a summary
5  judgment motion upon a good faith showing by affidavit that the
6  continuance is needed to obtain facts essential to preclude summary
7  judgment"). A motion under Rule 56(d) must be brought before the
8  summary judgment hearing, Ashton-Tate Corp. v. Ross, 916 F.2d 516,
9  520 (9th Cir. 1990), and the movants must show "(1) that they have
10 set forth in affidavit form the specific facts that they hope to
11 elicit from further discovery, (2) that the facts sought exist, and
12 (3) that these sought-after facts are 'essential' to resist the
13 summary judgment motion." Campbell, 138 F.3d at 779.

14 **II. ANALYSIS**

15      Defendants have satisfied Rule 56(d)'s requirements.

16      Discovery ordinarily cannot commence until the parties hold
17 a Rule 26(f)-mandated conference to develop a discovery plan. Fed.
18 R. Civ. P. 26(d)(1). Although the parties have not informed the
19 court if and when they held this conference, it is reasonable to
20 infer from the record that defendants would have had little or no
21 time to conduct discovery before the plaintiff's summary judgment
22 motion was filed. On June 18, 2013, the court granted plaintiff's
23 motion to strike defendant Munirs' answer, and directed it to file
24 an amended answer. Defendants jointly filed an amended answer on
25 July 2, 2013. (ECF No. 27.) It is unlikely that productive
26 discovery could have commenced before that date. Moreover, as Rule

1   26(f)(2) requires the parties to consider "the nature and basis

2   of the[] claims and defenses . . ." when they confer, it is

3   unlikely that the parties could have conferred about the defenses

4   raised in the amended answer before it was filed. In other words,

5   both as a practical matter and under the procedures dictated by

6   Rule 26, defendants would have had little or no opportunity for

7   meaningful discovery prior to July 15, 2013, when plaintiff filed

8   its motion for summary judgment. Admittedly, Rule 56(b) allows a

9   party to file for summary judgment at the commencement of an

10   action. Nevertheless, the Ninth Circuit teaches that "[w]here . . .

11   a summary judgment motion is filed so early in the litigation,

12   before a party has had any realistic opportunity to pursue

13   discovery relating to its theory of the case, district courts

14   should grant any Rule 56[(d)] motion fairly freely." _Burlington N._

15   _Santa Fe R.E. v. Assiniboine & Sioux Tribes of the Fort Peck_

16   _Reservation_, 323 F.3d 767, 773 (9th Cir. 2003). In support of this

17   proposition, the _Burlington Northern_ panel approvingly cited a

18   Fifth Circuit opinion to the effect that "continuance of a motion

19   for summary judgment for purposes of discovery should be granted

20   almost as a matter of course unless the non-moving party has not

21   diligently pursued discovery of the evidence." _Wichita Falls Office_

22   _Assoc. v. Banc One Corp._, 978 F.2d 915, 919 n.4 (5th Cir. 1992)

23   (internal quotation and citation omitted). There is no evidence

24   before the court to suggest that defendants did not pursue

25   discovery diligently. It appears that they had very little time to

26   act at all.

1    In support of their Rule 56(d) motion, defendants submit the

2  declaration of counsel Duyen T. Nguyen, which provides in pertinent

3  part:

4        I believe limited discovery, in the form of taking
         Plaintiff's deposition and propounding focused
5        interrogatories relating to the representations
         contained in Plaintiff's declaration submitted in
6        support of the summary judgment motion will elicit
         further factual detail, which Defendants are confident
7        will reveal numerous triable issues of material fact
         defeating Plaintiff's summary judgment motion.
8        ***

9        I believe this discovery will reveal questions of fact
         concerning: (a) Plaintiff's disability; (b) Plaintiff's
10       visit to the Munirs Company dba IHOP #694 facility;
         [n.b., defendants did not include a part (c);] (d) how
11       and to what extent the purported alleged barriers caused
         Plaintiff "discomfort, frustration, and embarrassment";
12       (e) how and to what extent the purported barriers caused
         Plaintiff "difficult[ies]." (Decl. Nguyen ¶¶ 11, 12, ECF
13       No. 30-2.)

14 This entire action is premised on plaintiff's assertions that he

15 has a disability, and that defendants' restaurant presented him

16 with unlawful barriers to access. Defendants have as yet had no

17 opportunity to test or explore the scope of these assertions.

18 Accordingly, counsel's averments (reproduced above) provide a

19 sufficient basis for granting the Rule 56(d) motion under the

20 three-part test set forth in Campbell, 138 F.3d at 779. While not

21 especially detailed, these averments are sufficient, as,

22 "where . . . no discovery whatsoever has taken place, the party

23 making a Rule 56[(d)] motion cannot be expected to frame its motion

24 with great specificity as to the kind of discovery likely to turn

25 up useful information, as the ground for such specificity has not

26 yet been laid." Burlington Northern, 323 F.3d at 774.

1    Plaintiff counters that defendants' request for a continuance
2    should be denied, for two reasons. First, "Defendants have access
3    to their own facility, and can take measurements and assess the
4    barriers to access at any time." (Reply 7.) As discussed above,
5    defendants aver that they have had no opportunity to conduct
6    discovery into plaintiff's disability and his particular
7    experiences at their restaurant, and plaintiff's argument is
8    unresponsive to this averment. Plaintiff's argument also carries
9    little weight because defendants were provided scant notice of the
10   date on which plaintiff allegedly encountered the barriers to
11   access. As the court noted in its order granting plaintiff's motion
12   to strike, plaintiff "failed to allege in his complaint the date(s)
13   on which the alleged violations occurred[.]" (Order, Jun. 18, 2013,
14   ECF No. 23.) Both of plaintiff's status reports, filed in April and
15   June, also fail to reveal this information. (ECF Nos. 12, 22.)
16   Defendants' Status Report, filed on June 20, 2013, proposes July
17   16, 2013 as the deadline for the parties to exchange initial Rule
18   26 disclosures; from this, the court infers that the date in
19   question was not earlier forthcoming. (ECF No. 25.) In other words,
20   it appears that defendants were not apprised of the date on which
21   plaintiff visited the subject facility (February 12, 2013) until
22   the instant motion was filed (July 15, 2013). Defendants'
23   opposition was due two weeks later. In the court's view, at such
24   an early stage of the litigation, this was insufficient time for
25   defendants to obtain assessments of the state of their facility,
26   on a specific date in the past, adequate to the task of addressing

1  a summary judgment motion.

2       One point merits clarification. In its order granting
3  plaintiff's motion to strike, this court directed defendant Munirs
4  to set forth its affirmative defenses under the heightened pleading
5  standards announced in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544
6  (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). <u>Dodson v. Munirs</u>
7  <u>Co.</u>, No. CIV. S-13-0399, 2013 WL 3146818, 2013 U.S. Dist. LEXIS
8  85768 (E.D. Cal Jun. 18, 2013). In its order, the court justified
9  requiring defendants to answer with specificity within the 21 days
10  required by Rule 12(a)(1) because "the relevant facts supporting
11  affirmative defenses *are within the defendant's possession* [and]
12  if discovery reveals evidence supporting additional affirmative
13  defenses, defendants may freely seek leave from the court to amend
14  their answers." <u>Id</u>., 2013 WL 3146818 at *6, 2013 U.S. Dist. LEXIS
15  85768 at *19 (emphasis in original). While it may be true, as
16  plaintiff contends, that "Defendants have access to their own
17  facility, and can take measurements and assess the barriers to
18  access at any time," the pleading stage and the summary judgment
19  stage are sufficiently different that, in the court's view,
20  defendants' control of their facility is an insufficient basis on
21  which to grant summary judgment so early in the litigation. Parties
22  must have an adequate opportunity to develop a competent
23  evidentiary basis for their oppositions to summary judgment, for
24  they lack the ability to liberally amend their oppositions as they
25  do their answers. The inability to present an adequate opposition
26  to a summary judgment motion has a finality, and a fatality, that

7

1  the inability to adequately plead an affirmative defense does not.

2  Therefore, the parties must have an opportunity to develop a

3  sufficient record to present at summary judgment.

4       Plaintiff also argues for denying the Rule 56(d) motion

5  because "[he] has propounded written discovery (to which defendants

6  have responded)" (Reply 7). To which the proper response is: so

7  what? It is *defendants* who contend that they were unable to conduct

8  adequate discovery, including deposing plaintiff, before the

9  instant motion was filed. Standing alone, the assertion that

10 *plaintiff* successfully propounded discovery has no bearing on

11 whether defendants "had any realistic opportunity to pursue

12 discovery relating to [their] theory of the case . . . ."

13 Burlington Northern, 323 F.3d at 773. Plaintiff's argument would

14 carry more weight if he had propounded discovery, and received

15 responses, well before the instant motion was filed; in that case,

16 he might have a credible argument that defendants were dilatory in

17 pursuing discovery. But plaintiff has not specified when the

18 discovery in question was conducted. In sum, the fact that

19 plaintiff obtained discovery at some unspecified time before filing

20 his Reply is irrelevant to the court's consideration of defendants'

21 Rule 56(d) motion.

22      The court is mindful that, assuming the subject restaurant

23 presents unlawful barriers to disability access, not entering

24 judgment in favor of plaintiff at this time may delay necessary

25 remedial measures, and thereby cause future disabled patrons to

26 suffer. Nevertheless, the litigation is still at an early stage.

1 Discovery is to be completed by September 5, 2014; law and motion

2 must be heard by November 5, 2014; trial is set to commence on May

3 5, 2015. (ECF No. 34.) A "major objective of subdivision [(d)] has

4 been to ensure that a diligent party is given a reasonable

5 opportunity to prepare the case." 10B Wright & Miller, <u>Federal</u>

6 <u>Practice & Procedure: Civil</u> § 2741 (3d ed. 2013). Defendant will

7 be given that opportunity.

8 **III. CONCLUSION**

9      In light of the foregoing, plaintiff's motion for summary

10 judgment is DENIED WITHOUT PREJUDICE. Plaintiff may move for

11 summary judgment again after defendants have had an adequate

12 opportunity to conduct discovery herein. The hearing on the motion,

13 currently set for September 9, 2013, is hereby VACATED.

14      IT IS SO ORDERED.

15      DATED:  September 6, 2013.

16

17

18

19                              LAWRENCE K. KARLTON
                                SENIOR JUDGE
20                              UNITED STATES DISTRICT COURT

21

22

23

24

25

26